CHANCE & McCANN, L.L.C.
Attorneys at Law
By:  Matthew Weng, Esquire
ID #011112008
201 W. Commerce Street
P.O. Box 278
Bridgeton, NJ  08302
(856) 451-9100

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW JERSEY

*In Re:  Paulsboro Derailment Cases*               Master Docket No.:  13-cv-784

| | | |
|---|---|---|
| DANIEL J. ABATE, SR., RONALD BORDEN, JEFFREY BUSTARD, SR., ANDREW P. CARSON, LOUIS P. DAMMINGER, JR., DYLAN FITZGERALD, MELISA GAUGHAN, BRIAN J. HAUSS, DAVID HAYES, MICHAEL HESLIN, ROBERT LAYTON, KIMBERLY MacMULLIN, CHRISTOPHER McGUIRE, CODY MOORE, JOSEPH C. O'LEARY, JR., KEVIN VILLANOVA,<br><br>                              Plaintiffs,<br><br>Vs.<br><br>CONSOLIDATED RAIL CORPORATION a/k/a CONRAIL, NORFOLK SOUTHERN RAILWAY COMPANY a/k/a NORFOLK SOUTHERN CORPORATION, CSX TRANSPORTATION, INC., jointly, severally and alternatively, and CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, LLC,<br>                              Defendants. | : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO.:<br><br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PARTIES**

1.     Plaintiff, Daniel J. Abate, Sr., is an individual citizen and resident of the State of New Jersey, residing therein at 1016 Shira Court, West Deptford, Gloucester County.

1

2. Plaintiff, Ronald Borden, is an individual citizen and resident of the State of New Jersey, residing therein at 705 Sage Hill Drive, Wenonah, Gloucester County.

3. Plaintiff, Jeffrey Bustard, Sr., is an individual citizen and resident of the State of New Jersey, residing therein at 18 Arena Street, Mantua, Gloucester County.

4. Plaintiff, Andrew P. Carson, is an individual citizen and resident of the State of New Jersey, residing therein at 15 Miller Drive, Sewell, Gloucester County.

5. Plaintiff, Louis P. Damminger, Jr., is an individual citizen and resident of the State of New Jersey, residing therein at 734 W. Broad Street, Gibbstown, Gloucester County.

6. Plaintiff, Dylan Fitzgerald, is an individual citizen and resident of the State of New Jersey, residing therein at 291 Jackson Road, Mantua, Gloucester County.

7. Plaintiff, Melissa Gaughan, is an individual citizen and resident of the State of New Jersey, residing therein at 10 Trilby Avenue, Westville, Gloucester County.

8. Plaintiff, Brian J. Hauss, is an individual citizen and resident of the State of New Jersey, residing therein at 21 Woodstream Court, Mantua, Gloucester County.

9. Plaintiff, David Hayes, is an individual citizen and resident of the State of New Jersey, residing therein at 104 Central Avenue, Woodbury Heights, Gloucester County.

10. Plaintiff, Michael Heslin, is an individual citizen and resident of the State of New Jersey, residing therein at 154 S. Oakland Avenue, Runnemede, Camden County.

11. Plaintiff, Robert Layton, is an individual citizen and resident of the State of New Jersey, residing therein at 111 Golf Club Road, Sewell, Gloucester County.

12. Plaintiff, Kimberly MacMullin, is an individual citizen and resident of the State of New Jersey, residing therein at 303 Main Street, Mantua, Gloucester County.

13. Plaintiff, Christopher McGuire, is an individual citizen and resident of the State of New Jersey, residing therein at 12 Ferro Drive, Sewell, Gloucester County.

14. Plaintiff, Cody Moore, is an individual citizen and resident of the State of New Jersey, residing therein at 972 Kings Highway, Thorofare, Gloucester County.

15. Plaintiff, Joseph C. O'Leary, Jr., is an individual citizen and resident of the State of New Jersey, residing therein at 124 Swedesboro Road, Gibbstown, Gloucester County.

16.     Plaintiff, Kevin Villanova, is an individual citizen and resident of the State of New Jersey, residing therein at 28 S. Poplar Street, Gibbstown, Gloucester County.

17.     Defendant, Consolidated Rail Corporation, a/k/a CONRAIL, is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business and/or corporate headquarters located at 1717 Arch St., 32nd Floor, Philadelphia, PA 19103.

18.     Defendant, Norfolk Southern Railway Company, a/k/a Norfolk Southern Corporation is a corporation duly organized and existing under and by virtue of the laws of the State of Virginia with its principal place of business located at Three Commercial Place, Norfolk, VA 23510.

19.     Defendant, CSX Transportation, Inc. is a corporation duly organized and existing under and by virtue of the laws of a state other than New Jersey with its principal place of business and/or corporate headquarters located in Jacksonville, Florida and an officer for the service of legal process at 2701 Commerce Drive, Ste. B, Harrisburg, PA 17110 and with a registered agent as Corporate Creations Network at 1001 State Street, #1400, Erie, PA, and its principal place of business at 500 Water Street, 15th Floor, Jacksonville, Florida 32202.

20.     Defendant, Center for Toxicology and Environmental Health, LLC is a corporation duly organized and existing under and by virtue of the laws of a state other than New Jersey with its principal place of business and/or corporate headquarters located in North Little Rock, Arkansas, and with a registered agent as Ted L. Snider, 5120 North Shore Drive, North Little Rock, Arkansas 72118.

21.     Defendants John Does 1-100 are fictitiously named individuals who inspected, operated, maintained, repaired, directed, dispatched, or owned the train or bridge that is the subject of this lawsuit, or who are in some manner responsible for the occurrences alleged in this complaint, and who may be liable to the plaintiffs for the damages claimed in this action.

22.     Defendants ABC Corporation 1-100 are fictitiously named corporations who inspected, operated, maintained, repaired, directed, dispatched, or owned the train or bridge that is the subject of this lawsuit, or who are in some manner responsible for the occurrences alleged in this complaint, and who may be liable to the plaintiffs for the damages claimed in this action.

23.     At all times material hereto, none of the Defendants were a citizen of, nor did they have a principal place of business in, the State of New Jersey.

## JURISDICTION AND VENUE

24.     Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 in that none of the Plaintiffs are from the same state as any of the Defendants and the amount in controversy exceeds $75,000.00.  Venue is properly laid as the events giving rise to this claim occurred within the District of New Jersey.

## STATEMENT OF FACTS

25.     All of the acts alleged to have been done or not to have been done by the Defendants, were done or not done by their respective agents, servants, workmen and/or employees, acting in the course and scope of their employment for and on behalf of said defendants.

26.     On or about the morning of November 30, 2012, and for some time prior thereto, the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., jointly and severally, owned a certain bridge known as the Paulsboro Bridge, which spanned the Mantua Creek, in Paulsboro, Gloucester County, New Jersey.

27.     On or about the morning of November 30, 2012, and for some time prior thereto, the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., jointly and severally, controlled a certain bridge known as the Paulsboro Bridge, which spanned the Mantua Creek, in Paulsboro, Gloucester County, New Jersey.

28.     On or about the morning of November 30, 2012, and for some time prior thereto, the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., jointly and severally, managed a certain bridge known as the Paulsboro Bridge, which spanned the Mantua Creek, in Paulsboro, Gloucester County, New Jersey.

29.     On or about the morning of November 30, 2012, and for some time prior thereto, the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc.,  jointly and severally, maintained a certain bridge known as the Paulsboro Bridge, which spanned the Mantua Creek, in Paulsboro, Gloucester County, New Jersey.

30.     On or about the morning of November 30, 2012, and for some time prior thereto, the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern

Corporation and CSX Transportation, Inc., jointly and severally, operated a certain bridge known as the Paulsboro Bridge, which spanned the Mantua Creek, in Paulsboro, Gloucester County, New Jersey.

31.   On or about the morning of November 30, 2012, and for some time prior thereto, the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., jointly and severally, were responsible for a certain bridge known as the Paulsboro Bridge, which spanned the Mantua Creek, in Paulsboro, Gloucester County, New Jersey.

32.   Upon information and belief, the aforementioned bridge was built on or around 1873.

33.   Upon information and belief, the aforementioned bridge is a "swing bridge" and can be positioned to permit water travel to proceed along the Mantua Creek or positioned to permit rail traffic to proceed over the Mantua Creek.

34.   Upon information and belief, a train cannot safely cross the aforementioned bridge unless the bridge aligns and locks with the adjacent rails.  This results in a green light train signal located adjacent to the bridge.  A red light signal will appear if the bridge is not aligned and locked with the adjacent rails.

35.   This suit arises out of a massive spill of vinyl chloride monomer (VCM), a potent human carcinogen, which occurred as a result of the malfunction of the aforementioned bridge, at approximately 7:00 a.m. on November 30, 2012.

36.   At that time and place, a railroad train carrying multiple cars operated by Defendant CSX Transportation, Inc. derailed while crossing a bridge owned and operated by Defendant Conrail Corporation.  The bridge collapsed and four railroad tank cars plunged into the creek.

37.   Upon information and belief, the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., were aware that the signal that altered those operating trains crossing the aforementioned bridge had not turned green to indicate the bridge was properly locked; despite this warning, Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc.,  caused and permitted the train to attempt to cross the aforementioned bridge.

38. Upon information and belief, the aforementioned bridge had malfunctioned numerous times in the years prior to November 30, 2012, and the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., were aware that the swing bridge had, in the past, failed to properly connect and lock to as to permit train traffic to proceed safely over the bridge.

39. Upon information and belief, Center for Toxicology and Environmental Health, LLC, was responsible for collecting and properly handling testing samples from those exposed to vinyl chloride monomer due to the derailment.

40. Plaintiff Abate was employed by the County of Gloucester, Sheriff's Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

41. Plaintiff  Borden was employed by the County of Gloucester, Sheriff's Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

42. Plaintiff Bustard was employed by the County of Gloucester, Sheriff's Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

43. Plaintiff Carson was employed by the Borough of Pitman, Police Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

44. Plaintiff Damminger was employed by the Township of Greenwich, Police Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

45. Plaintiff Fitzgerald was a volunteer for the Township of Mantua, Fire District, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

46.     Plaintiff Gaughan was employed by the County of Gloucester, Emergency Medical Service, and in the lawful discharge of her official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

47.     Plaintiff Hauss was a volunteer for the Township of Mantua, Fire District, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

48.     Plaintiff Hayes was employed by the County of Gloucester, Sheriff's Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

49.     Plaintiff Heslin was employed by Underwood-Memorial Hospital, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

50.     Plaintiff Layton was employed by the Township of Mantua Police Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

51.     Plaintiff MacMullin was employed by the County of Gloucester, Sheriff's Department, and in the course of her employment was in the immediate area of the train derailment on or about November 30, 2012 and the days following.

52.     Plaintiff McGuire was employed by the County of Gloucester, Sheriff's Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

53.     Plaintiff Moore was employed by the County of Gloucester, Emergency Medical Service, and in the lawful discharge of her official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

54.     Plaintiff O'Leary was employed by the County of Gloucester, Sheriff's Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

55.	Plaintiff Villanova was employed by the Township of Greenwich, Police Department, and in the lawful discharge of his official duties responded to the immediate area of the train derailment on or about November 30, 2012 and the days following.

### COUNT I-NEGLIGENCE AGAINST DEFENDANTS, CONSOLIDATED RAIL CORPORATION a/k/a CONRAIL, NORFOLK SOUTHERN RAILWAY COMPANY a/k/a NORFOLK SOUTHERN CORPORATION AND CSX TRANSPORTATION, INC.

56.	Plaintiffs incorporate by reference paragraphs 1 through 55 as if fully set forth at length herein.

57.	The Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., owed a duty of care to the Plaintiffs, and as a result of their acts and omissions, breached that duty of care, causing the bridge to collapse, the train to derail, and hazardous substances to be released into the air, causing damage to the Plaintiffs' person.

58.	The Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., acted in a manner which was grossly inconsistent with the duty of care that they owed to the Plaintiffs.

59.	As a direct and proximate result of the Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc.'s breach of their duty of care, Plaintiffs have sustained damages to their person.

WHEREFORE, Plaintiffs demand judgment against each Defendant, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., for damages and costs of suit.

### COUNT II-GROSS NEGLIGENCE AGAINST DEFENDANTS, CONSOLIDATED RAIL CORPORATION a/k/a CONRAIL, NORFOLK SOUTHERN RAILWAY COMPANY a/k/a NORFOLK SOUTHERN CORPORATION AND CSX TRANSPORTATION, INC.

60.	Plaintiffs incorporate by reference paragraphs 1 through 59 as if fully set forth at length herein.

61.	Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., undertook and performed the

aforesaid acts and omissions described herein with utter disregard for the health, safety, and well being of Plaintiffs.

62. Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc.'s acts and omissions, by operating long freight trains containing loads of hazardous and toxic substances over a bridge known to be faulty and defective, caused great peril to first responders, and constitute outrageous conduct.

63. Defendants, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc.'s acts and omissions constitute gross negligence by virtue of their outrageous conduct.

WHEREFORE, Plaintiffs demand judgment against each Defendant, Consolidated Rail Corporation a/k/a Conrail, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation and CSX Transportation, Inc., for damages, special, punitive, or exemplary damages, and costs of suit.

## COUNT III-NEGLIGENCE AGAINST DEFENDANT, CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, LLC

64. Plaintiffs incorporate by reference paragraphs 1 through 63 as if full set forth at length herein.

65. Defendant, Center for Toxicology and Environmental Health, LLC, owed a duty of care, and breached that by being unavailable to collect testing samples and losing those they collected.

66. As a direct and proximate result of the Defendant, Center for Toxicology and Environmental Health, LLC's breach of its duty of care, Plaintiffs have sustained damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, Center for Toxicology and Environmental Health, LLC, for damages and costs of suit.

Dated: November 25, 2014         */s/ Matthew Weng*
                                 CHANCE & MCCANN
                                 Attorneys at Law
                                 201 W. Commerce St.
                                 Bridgeton, NJ 08302
                                 856-451-9100

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues in accord with the Federal Rules of Civil Procedure.

Dated: November 25, 2014                          */s/ Matthew Weng*

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I hereby certify that, upon information and belief, the matter in controversy is also the subject matter of various pending matters consolidated under docket number 13-cv-784.

Dated: November 25, 2014                          */s/ Matthew Weng*

## CERTIFICATION OF SERVICE

I hereby certify that this pleading was served upon all parties in a timely fashion in accordance with the Federal Rules of Civil Procedure.

Dated: November 25, 2014                          */s/ Matthew Weng*